UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:20-cv-10056-KMM

ISLAND HOTEL PROPERTIES, INC.,

    Plaintiff,
v.

FIREMAN'S FUND INSURANCE CO.,

    Defendant.
    _____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Fireman's Fund Insurance Co.'s ("Defendant") Motion to Dismiss Amended Complaint (Dkt. 18) Under Fed. R. Civ. P. 12(b)(6). ("Mot.") (ECF No. 23). Island Hotel Properties, Inc. ("Plaintiff") filed a response in opposition. ("Resp.") (ECF No. 28). Defendant filed a reply. ("Reply") (ECF No. 37). Plaintiff filed a surresponse (ECF No. 37). The Parties filed several notices of supplemental authority. (ECF Nos. 27, 32, 41, 42, 43, 45, 46, 50). The Motion is now ripe for review.

**I.    BACKGROUND[1]**

This case concerns the breach of an insurance contract and the COVID-19 pandemic. Plaintiff owns and has insurable interest in six properties located in Florida and Colorado comprising of two hotels, three residential rental units, and a business office, with a principle place of business located at 2116 Seidenberg Avenue, Key West, FL 33040 ("Properties"). Compl. ¶ 2. The Properties are insured under a policy bearing Policy Number USC009345190 ("Policy") (ECF

---

[1] The following background facts are taken from the Complaint and Demand for Jury Trial ("Compl.") (ECF No. 1-1) and are accepted as true for purposes of ruling on this Motion to Dismiss. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

No. 1-1) issued by Defendant. *Id.* ¶ 4. The Policy is "an 'all risk' policy that covers all direct physical losses to the [] Property that are not otherwise expressly excluded." *Id.* ¶ 5. The Policy was active and effective between October 22, 2019 and October 22, 2020.

On March 9, 2020, Florida Governor Ron DeSantis declared a State of Emergency in response to the COVID-19 outbreak. *Id.* ¶ 8. Colorado Governor Jared Polis declared a disaster emergency on March 11, 2020 for the same reason. *Id.* ¶ 10. Also due to COVID-19, Monroe County, Florida ("County") declared a Local State of Emergency on March 15, 2020. *Id.* ¶ 12. Thereafter, the County issued three emergency directives relevant to the instant allegations. First, on March 20, 2020, the County "issued Emergency Directive 20-02 closing the Florida Keys to all tourists and leisure visitors and directing, in pertinent part, all hotels to cease renting to everyone except for military personal [*sic*], first responders, health care workers, and construction workers." *Id.* ¶ 13. The next day, the county issued Local Emergency Directive 20-03 stating that COVID-19 might have had "the propensity to attach to surfaces for prolonged periods of time, thereby . . . causing property loss and damage in certain circumstances." *Id.* ¶ 14. Finally, on May 16, 2020, the County issued Emergency Directive 20-08 "which, in pertinent part, mandated that all business [*sic*] implement sanitization procedures of their properties." *Id.* ¶ 15.

On March 20, 2020, COVID-19 became "presen[t]" at the Properties. *Id.* ¶ 16. As a result, Plaintiff "sustained a loss of business income." *Id.* ¶ 17. Additionally, the closure of hotels pursuant to Emergency Directive 20-02 "caused additional lost business income." *Id.* ¶ 18. Such losses were covered under, and not explicitly excluded by, the Policy. *Id.* ¶¶ 19–20. Specifically, "[t]he Extension of Coverage Applicable to Property, Business Income, and Extra Expense Coverages provides coverage for damage caused by 'communicable diseases,'" which is defined in the Policy as "any disease, bacteria, or virus that may be transmitted directly or indirectly from

2

human or animal to a human." *Id.* ¶¶ 28, 30. The Policy further defines a "communicable disease event" as "an event in which a public health authority has ordered that a location be evacuated, decontaminated, or disinfected due to the outbreak of a communicable disease at such location. *Id.* ¶ 31. Accordingly, Plaintiff timely notified Defendant of the loss. *Id.* ¶ 21. Defendant opened claim number SF-USCC03318220 ("Claim"). *Id.* ¶ 22. Subsequently, Defendant denied coverage. *Id.* ¶ 24.

Plaintiff filed the Amended Complaint on June 29, 2020. *See generally id.* Therein, Plaintiff alleges one count for declaratory relief regarding Plaintiff's rights to coverage for damage caused by the COVID-19 pandemic, and one count for breach of contract. On July 13, 2020, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Mot.

## II.   LEGAL STANDARD

A court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

Defendant moves to dismiss the Amended Complaint on the ground that the alleged loss is not "physical" in that it does not constitute a "tangible alteration," and thus is excepted from coverage under the Policy. Defendant also argues that Plaintiff's counts are duplicative of one another and that Plaintiff has failed to adequately allege causation. Plaintiff responds that (1) the Amended Complaint complies with Rule 8(a) because it puts Defendants on "fair notice" of the claims against it, (2) because the Policy is an "all risk" policy, Plaintiff must only show that a loss occurred during the policy period, and that the burden shifts to Defendant to show an exclusion that negates coverage, (3) Plaintiff's counts are not duplicative but pled in the alternative, (4) the question of causation is not appropriate at the motion to dismiss stage, (5) the Policy provides coverage for loss caused by a "communicable disease event," and (6) the presence of COVID-19 at the Properties and Plaintiff's inability to operate its businesses contained within the Properties as intended amount to a "physical loss."

While the interplay between the COVID-19 pandemic and insurance claims may have been uncharted territory when Defendant filed the Motion, courts—including this Court—have now had ample opportunity to sketch the confines of allegations like these. As an initial matter, Plaintiff's arguments as to the relevance of the Policy being an "all risk" policy are imprecise at best; at this juncture, it is Plaintiff's burden to "sufficiently allege that [its] purported losses are covered under the Polic[y]." *El Novillo Restaurant v. Certain Underwriters at Lloyd's, London*, — F. Supp. 3d —, 2020 WL 7251362, at *2 (S.D. Fla. 2020); *see also Mama Jo's Inc. v. Sparta Ins. Co.*, 823 F.

4

App'x 868, 878 (11th Cir. 2020) (citing *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694, 696–97 (Fla. 2016)) (differentiating between an all risk policy and an "all loss policy," and noting that the former does "not extend coverage for every conceivable loss"). Accordingly, although Defendant does have the burden to show that Plaintiff has failed to state a cause of action upon which relief can be granted, it need not prove that an exception to general coverage applied in this case. Rather, it is Plaintiff's burden to show that its business interruption and the presence of COVID-19 at the Properties is a covered loss.

The Policy covers "direct physical loss or damage to [the Property] caused by or resulting from a covered communicable disease event at a location." The Policy at 21–22. Accordingly, the meaning of "direct and physical loss" is critical to the analysis of the Motion.

> Florida's District Court of Appeals for the Third District has addressed the definition of "direct physical loss": "A 'loss' is the diminution of value of something[]. Loss, *Black's Law Dictionary* (10th ed. 2014). 'Direct' and 'physical' modify loss and impose the requirement that the damage be actual."

*Mama Jo's*, 823 F. App'x at 879 (quoting *Homeowners Choice Prop. & Cas. v. Maspons*, 211 So. 3d 1067, 1069 (Fla. Dist. Ct. App. 2017)). Because "'direct physical' modifies both 'loss' and 'damage,' . . . any 'interruption in business must be caused by some *physical problem* with the covered property'" to be a covered loss. *Malaube, LLC v. Greenwich Ins. Co.*, No. 20-22615-Civ-WILLIAMS/TORRES, 2020 WL 5051581, at *7 (S.D. Fla. Aug. 26, 2020).

Here, Plaintiff fails to allege that the business loss that it suffered was caused by any physical problem, nor that the Properties suffered a diminution of value in some way. It alleges solely that the COVID-19 pandemic *generally* caused the County to issue emergency directives effectively closing Plaintiff's businesses.[2] However, "[c]ourts across the country have held that []

---

[2] It should be noted that Plaintiff fails to allege which of its businesses—including hotels and residential rental properties—were affected by the County's emergency directives. The Properties are comprised of businesses physically located in either Florida *or* Colorado. Thus, the Court can

coverage [due to COVID-19 government shutdown orders] does not exist where, as here, policyholders fail to plead facts showing physical property damage." *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate PEM 4000*, — F. Supp. 3d —, 2020 WL 5791583, at *4 (M.D. Fla. 2020) (finding that "there is simply no coverage" under an insurance policy requiring "direct or physical loss of or damage" to property for economic losses associated with COVID-19 shutdown).

In *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, the District Court for the Northern District of Illinois succinctly identified the legal insufficiency of claims like these: "In essence, plaintiff seeks insurance coverage for financial losses as a result of the closure orders. The coronavirus does not physically alter the appearance, shape, color, structure, or other material dimension of the property. Consequently, plaintiff has failed to plead a direct physical loss—a prerequisite for coverage." — F. Supp. 3d —, 2020 WL 563046, *3 (N.D. Ill. 2020). The same is true of Plaintiff here. Although Plaintiff references Emergency Directive 20-03—wherein the County acknowledged that COVID-19 can exist on surfaces—it fails to allege that the mere presence of COVID-19 particles on the doors, floors, and walls of the Properties renders them *physically altered*, just as the presence of dust or particulate construction debris on the interior surfaces of a building is not a physical alteration. *See Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-cv-23362-KMM, 2018 WL 3412974, at *9 (S.D. Fla. June 11, 2018) (holding that where dust and construction debris had settled on the surfaces of the plaintiff's restaurant, no physical damage or loss was shown). Although Plaintiff also alleges that Emergency Directive 20-03 speculated that

---

only guess whether one of Plaintiff's hotels was located in Key West and accordingly closed upon the issuance of Emergency Directive 20-02.

the presence of COVID-19 could "caus[e] property loss and damage," the Court need not defer to a conclusory legal conclusion stated by the County and regurgitated here by Plaintiff.

As an attempt to circumvent the physical loss or damage requirement, Plaintiff alleges that COVID-19 was "present" at the Properties. Compl. ¶ 16. But, in its Response, Plaintiff admits that this allegation "may well be conclusory." Resp. at 6. Indeed, it is. Though the Court need not say more on the matter, Plaintiff's apparent misapprehension of the pleading standard set forth by Rule 8(a) warrants some discussion. Plaintiff argues that it has put Defendant on notice of its claim and "[t]o require anything further to be asserted at the initial pleading stage would be calling on the Plaintiff to provide evidence of proof, as opposed to short plain statements, regarding causation in its Complaint." *Id.* at 6. Plaintiff also submits that "[t]he standard applied to a motion to dismiss a complaint is well established: the Court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief." *Id.* at 3. This is incorrect.

To survive dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Conclusory allegations do not cognizable claims make. *See Oxford Asset Mgmt., Ltd*, 297 F.3d at 1188. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff alleges solely that COVID-19 was "present" at the Properties. Plaintiff does not allege what this means, *i.e.*, whether a person infected with COVID-19 had entered the Properties, which of the Properties were "infected," or whether COVID-19 was present on any particular surfaces of the Properties. Conclusory allegations like these are precisely the kind that Rule 8, *Iqbal* and *Twombly* deem insufficient.

7

Plaintiff has failed to allege facts that state a claim for either declaratory relief or breach of contract under the Policy. Accordingly, the Amended Complaint is dismissed with prejudice. *See generally Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co.*, — F. Supp. 3d —, 2020 WL 6392841 (S.D. Fla. 2020) (dismissing with prejudice breach of contract claim for insurance coverage where the plaintiff's business was suspended due to COVID-19 emergency directives and sought coverage for "physical loss and damage to the insured property"); *El Novillo Restaurant*, — F. Supp. 3d —, 2020 WL 7251362 (same); *Infinity Exhibits, Inc.*, — F. Supp. 3d —, 2020 WL 5791583 (same).

### IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (Dkt. 18) Under Fed. R. Civ. P. 12(b)(6) (ECF No. 23) is GRANTED. Accordingly, Plaintiff's Amended Complaint (ECF No. 18) is DISMISSED WITH PREJUDICE. The Clerk of the Court is INSTRUCTED to CLOSE this case. All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, on this  11th  day of January, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record